**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DOROTHEA TWANDA FOWLKES,<br>Appellant, | DOCKET NUMBER<br>DC-531D-18-0561-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: January 18, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dorothea Twanda Fowlkes</u>, Annapolis, Maryland, pro se.

<u>Chief Employment Law</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed this appeal from the denial of a within-grade increase (WIGI) for lack of jurisdiction.  For the reasons set forth below, the appellant's petition for

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      The appellant filed the instant appeal, challenging the denial of her WIGI. Initial Appeal File (IAF), Tab 1. On June 27, 2018, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID). The initial decision stated it would become final on August 1, 2018, unless a petition for review was filed by that date. ID at 3.

¶3      The appellant filed a petition for review on August 2, 2018. Petition for Review (PFR) File, Tab 1 at 2, 29-30. The agency has filed a response urging, as relevant here, that the petition for review be dismissed as untimely filed. PFR File, Tab 4 at 7-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). The appellant bears the burden of proof with regard to timeliness, which she must establish by preponderant evidence. *Perry v. Office of Personnel Management*, 111 M.S.P.R. 337, ¶ 5 (2009); 5 C.F.R. § 1201.56(b)(2)(i)(B).

¶5      Here, the administrative judge informed the appellant that the initial decision had an August 1, 2018 finality date, unless either party filed a petition for review by that date. ID at 3. The certificate of service reflects that, on June 27, 2018, the initial decision was sent by electronic mail to the appellant, who was an e-filer. IAF, Tab 1 at 2, Tab 6. The appellant indicates that she received the initial decision on June 30, 2018. PFR File, Tab 1 at 2. However, as an e-filer, she is deemed to have received the initial decision on the date of

electronic submission, June 27, 2018. ID at 1; *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.14(m)(2). Accordingly, she had until August 1, 2018, the 35th day following the issuance of the June 27, 2018 initial decision, to file a petition for review. ID at 3. The appellant filed her petition for review by mail, with a postmark date of August 2, 2018, one day past the filing deadline. PFR File, Tab 1 at 2, 29-30.

¶6        The Board will excuse the late filing of a petition for review on a showing of good cause for the delay. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd per curiam*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        The Office of the Clerk of the Board informed the appellant that her petition for review was untimely filed and that she could file a motion with the Board to accept her filing as timely or to waive the time limit for good cause. PFR File, Tab 2. In the appellant's response, she asserts that her petition for review is untimely due to unspecified technical difficulties and her family responsibilities as the sole caregiver of an elderly parent. PFR File, Tab 3 at 2. She details that caring for her elderly parent has been time-consuming and caused her to be out of the office. *Id*.

¶8     Although the appellant was untimely only by 1 day, *see Coleman v. Department of the Treasury*, 88 M.S.P.R. 266, ¶ 7 (2001), she must nevertheless show good cause for the delay in order for the Board to waive the filing deadline, *see Beckley v. U.S. Postal Service*, 43 M.S.P.R. 397, 399 (1990). The appellant has not explained how her "technical difficulties" contributed to the untimeliness of her petition for review. *See Moorman*, 68 M.S.P.R. at 63 (finding that the appellant failed to establish causality between a 1-day illness and stress due to family problems and his untimeliness). Thus, her vague statement of experiencing technical difficulties does not establish good cause for the delay in filing her petition for review. *See Kinan v. Department of Defense*, 89 M.S.P.R. 407, ¶ 6 (2001) (finding that the appellant's vague statement that he experienced "difficulty and hardship" during the filing period did not constitute good cause for the 5-month filing delay). Furthermore, her allegation of family difficulties, caused by caring for her elderly parent, also does not constitute good cause for waiver of the deadline for filing a petition for review. *See Garcia v. Office of Personnel Management*, 85 M.S.P.R. 576, ¶ 4 (2000) (finding that the appellant's family difficulties, which were caused by his wife's illness, did not provide a basis for a waiver of a filing deadline), *aff'd per curiam*, 251 F.3d 170 (Fed. Cir. 2000) (Table).

¶9     In sum, we find that the appellant has not shown good cause for the untimely filing of her petition for review. *See Belcher v. U.S. Postal Service*, 101 M.S.P.R. 58, ¶ 7 (2006) (finding that the appellant failed to show due diligence, even though he was proceeding pro se and the filing delay of 6 days was not particularly lengthy). Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding our lack of jurisdiction over the appellant's WIGI denial.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.